LAW OFFICES OF
# JAMES P. NOLAN
# &
# ASSOCIATES
### A Limited Liability Company

James P. Nolan, Jr.
Certified Criminal Trial Attorney
Fredrick L. Rubenstein
Eric L. Lange
Admitted in NJ & NY
Sanford Rader
Of Counsel

May 11, 2022

*Via Electronic Filing*
William T. Walsh, Clerk
United States District Court
District of New Jersey
M.L. King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re: *Mia Teresa Cannataro v. Target Corporation, et al*
> *Our File No. 601285*

Dear Mr. Walsh:

Please be advised that the firm represents the interests of Plaintiff, Mia T. Cannataro, with respect to the above-referneced matter. Enclosed herewith please find the following:

1.    Complaint, Jury Demand and Designation of Trial Counsel;

2.    Civil Cover Sheet; and

3.    Summons.

Kindly electronically file the Complaint and provide the undersigned with a "filed" copy of same at your earliest convenience.

Thank you for your kind attention to this matter.

Very truly yours,

*Fredrick L. Rubenstein*

Fredrick L. Rubenstein

FLR/jn
Enc.

**61 GREEN STREET, WOODBRIDGE, NJ 07095**
**PHONE: (732) 636-3344   FAX: (732) 636-1175**

FREDRICK L. RUBENSTEIN, ESQ.
Attorney ID #004651994
JAMES P. NOLAN AND ASSOCIATES, L.L.C.
61 GREEN STREET
WOODBRIDGE, NEW JERSEY 07095
TELEPHONE: (732) 636-3344 FAX: (732) 636-1175
Attorneys for Plaintiff, Mia Cannataro

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIA TERESA CANNATARO, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | |
| -v- | : | **COMPLAINT, JURY DEMAND AND** |
| | : | **DESIGNATION OF TRIAL COUNSEL** |
| TARGET CORPORATION, JOHN DOES | : | |
| 1-10 and ABC CORPS. 1-10, | : | |
| | : | |
| Defendant. | : | |

Plaintiff, Mia Teresa Cannataro, residing at 152 Lincoln Avenue, Township of Little Falls, County of Passaic and State of New Jersey  by way of Complaint against the Defendants says:

**JURISDICTION**

1.   This Court has jurisdiction to decide the claims raised by Plaintiff by virtue of 28 U.S.C. Section 1332 which provides for original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different States. Plaintiff further invokes the pendent jurisdiction of this Court to consider claims under State Law, required notice having been given pursuant to New Jersey Law.

2.   Venue is proper under 28 U.S.C. Sec. 1391(b) in the District of New Jersey.

## THE PARTIES

3.   At all times relevant to this action, Plaintiff, Mia Teresa Cannataro was an employee of the Defendant, Target Corporation.

4.   At all times relevant to this action, Defendant, Target Corporation, is a Minneapolis Corporation, with its principal place of business located at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

## STATEMENT OF FACTS

5.   At all times relevant to this action, Plaintiff, Mia Teresa Cannataro, was employed as an Executive Team Leader of Assets Protection, for the Defendant, Target Corporation, 94 State Route 23, Township of Riverdale, County of Morris and State of New Jersey.

6.   Throughout her employment with Defendant, Target Corporation, from November 19, 2016 through November 21, 2021, Plaintiff's work performance was both professional and competent.

7.   On or about May 03, 2021, as part of her job responsibilities, Plaintiff was reviewing videotape footage of the overnight team and noticed the Executive Team Leader of General Merchandise, Zaire Garris, remove an energy drink from the refrigerator by the front checkout lanes and never tendered payment for the beverage.

-2-

8.    On or about May 03, 2021, Plaintiff reported her findings to her immediate supervisor, Alexis Velez, who was the Assets Protection Business Partner.

9.    Although Plaintiff was not permitted to perform an investigation into Mr. Garris' wrongful conduct because he was one of her peers, she was nevertheless instructed by Ms. Velez to perform an investigation.

10.   Plaintiff conducted an investigation into Mr. Garris' conduct which revealed a pattern of him stealing drinks everyday for approximately two weeks as well as other food items.

11.   Plaintiff reported Mr. Garris' continued wrongful and illegal conduct to Ms. Velez who reported same to her supervisor Matthew Baker, the Assets Protection Director.

12.   Ms. Velez returned from that meeting and instructed Plaintiff to continue her investigation into Mr. Garris.

13.   On or about May 14, 2021, Ms. Velez elected to inform District Store Director Ryan Miltsch about Mr. Garris' wrongful and illegal conduct.

14.   The following Monday, May 17, 2021, Plaintiff was again reviewing videotape footage of the overnight team and saw Mr. Garris' take an energy drink from the refrigerator and pay for it this time.

-3-

15.   On that same date, Mr. Garris could be heard yelling and screaming about Plaintiff and wanting to get even with her because she had reported him stealing.

16.   From that day forward, both Mr. Garris and Store Director Jose Reyes had no communication with Plaintiff about work because of Plaintiff's reporting of Mr. Garris' conduct.

17.   On or about June 09, 2021, Assets Protection Director Matthew Baker and Plaintiff had a Zoom conference to address various issues related to Plaintiff's employment.

18.   During that meeting, Mr. Baker acknowledged that the investigation into Mr. Garris' stealing was not handled in accordance with the Defendant's Policies and that it must have made it more difficult for Plaintiff to continue to work for the Defendant.

19.   During that same meeting, Mr. Baker also acknowledged that Mr. Garris was informed of the active investigation against him which was contrary to the Defendant's policy of not informing the target of an investigation to be informed of same until its completion.

20.   Finally, during that same meeting, Mr. Baker understood and agreed that Plaintiff would receive a transfer to another store location within a half-hour away from Plaintiff's residence.

21.   On or about June 17, 2021, Plaintiff received a telephone call from Ms. Velez that her last day at the Riverdale location would be

-4-

June 18, 2021 and that Plaintiff should report to the Fairfield location on July 21, 2021 until a permanent location could be found.

22.   On or about June 23, 2021, Plaintiff received a telephone call from Assets Protection Business Partner Andrew Snyder of District 419.

23.   During that telephone call, Mr. Snyder informed Plaintiff that she was being transferred to the South Plainfield store location, approximately an hour travel from Plaintiff's residence.

24.   During that telephone call, Mr. Snyder revealed that Ms. Velez had set up the transfer and that Plaintiff had approved of the transfer.

25.   In fact, a subsequent telephone call with Ms. Velez on that same date revealed that Ms. Velez had set up the transfer without Plaintiff's consent or knowledge and contrary to her agreement with Mr. Baker.

26.   Ms. Velez told Plaintiff during that telephone call that she either report to the South Plainfield location or quit.

27.   The transfer to the South Plainfield location was made in retaliation for my reporting the incidents of stealing involving Mr. Garris and my continued investigation into same.

28.   Due to the stress and anxiety caused by the conduct of Defendant, Target Corporation, Plaintiff took a medical leave of

-5-

absence beginning June 24, 2021 and ending on November 19, 2021, two days after before Plaintiff was constructively terminated by the Defendant, Target Corporation..

29.   On or about June 29, 2021, Plaintiff received an email from Rachel Kimball of the Employee Relations at Headquarters wanting to speak to Plaintiff about her negative work experiences with Defendant, Target Corporation.

30.   On or about July 02, 2021, Plaintiff spoke to Ms. Kimball about her working experience with Defendant, Target Corporation. Ms. Kimball apologized for the manner in which Plaintiff was treated and was ashamed by the representation of Defendant, Target Corporation.

31.   Moreover, during that same call, Ms. Kimball told Plaintiff that she would love to say that retaliation and bullying within Target Corporation doesn't exist, but that unfortunately some of us, including Plaintiff, experience these conditions.

32.   Ms. Kimball subsequently emailed Plaintiff and informed her that the investigation was completed but would not provide Plaintiff with the results of same citing confidentiality.

33.   The conduct of the Defendant, Target Corporation, resulted in the constructive termination of Plaintiff on November 21, 2021.

-6-

## FIRST COUNT

## VIOLATION OF CONSCIENTIOUS EMPLOYEES PROTECTION ACT, N.J.S.A. 34:19-1, ET SEQ.

34. Plaintiff repeats and re-alleges each and every allegation contained within Paragraphs 1 through 33 of Plaintiff's Complaint as if same were more fully set forth herein at length.

35. Defendant's collective actions against Plaintiff, including but not limited to the continuing acts of harassment against Plaintiff constituting a hostile work environment, were in retaliation for Plaintiff's whistle-blowing activities described herein.

36. Plaintiff engaged in whistle-blowing activities in that she reasonably believed that Defendant engaged in conduct which she reasonably believed was in violation of law and/or public policy, and/or rules or regulations promulgated pursuant to law and/or public policy.

37. In retaliation for her whistle-blowing activities, Plaintiff suffered adverse employment actions and other retaliatory acts at the hands of Defendant as detailed above.

38. Defendant's adverse employment actions against Plaintiff were without any legitimate and/or lawful purpose and the purported rationale for Defendant's adverse employment actions were pretextual and were advanced to mask Defendant's discriminatory

intent.

39. Defendant's collective harassing and retaliatory actions against Plaintiff constitute violations of the Conscientious Employee Protection Act, *N.J.S.A.* 34:19-1, et seq.

40. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, embarrassment and/or damages to reputation.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay, lost earning power, as well as all commensurate pension benefits, and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, pain and suffering, psychological injury, humiliation, and embarrassment, together with both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, regarding adverse employment actions;

(b) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay,

lost earning power, as well as all commensurate pension benefits, and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, pain and suffering, psychological injury, humiliation, and embarrassment, together with both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, as Defendants have violated Plaintiff's rights to be free from the injuries which she has suffered due to Defendant's actions;

(c) For such other, further, additional relief as this Court deems just and proper.

## SECOND COUNT

### PROTECTED ACTIVITY UNDER THE NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A. 10:5-1, ET SEQ.

41. Plaintiff repeats and re-alleges each and every allegation contained within the First Count of Plaintiff's Complaint as if same were more fully set forth herein at length.

42. Plaintiff's protests, reports and complaints about the conduct of Defendant, Target Corporation's, employees constitute protected activity under the New Jersey Law Against Discrimination.

43. By and through the above actions, Defendant retaliated against Plaintiff for protected conduct in violation of the New Jersey Law Against Discrimination.

44.   The aforesaid conduct of Defendant, particularly in view of their failure to properly investigate Plaintiff's complaints or protect her against retaliation for complaints, constitutes actual participation in egregious behavior and/or willful indifference by upper management to such egregious conduct in violation of Plaintiff's rights that is sufficient to subject Defendant to punitive damages under the New Jersey Law Against Discrimination.

45.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, embarrassment and/or damages to reputation.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay, lost earning power, as well as all commensurate pension benefits, and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, pain and suffering, psychological injury, humiliation, and embarrassment, together with both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, regarding adverse employment actions;

-10-

(b) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay, lost earning power, as well as all commensurate pension benefits, and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, pain and suffering, psychological injury, humiliation, and embarrassment, together with both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, as Defendants have violated Plaintiff's rights to be free from the injuries which she has suffered due to Defendant's actions;

(c) For such other, further, additional relief as this Court deems just and proper.

### THIRD COUNT

### CONSTRUCTIVE DISCHARGE

46. Plaintiff repeats and re-alleges each and every allegation contained in the First and Second Counts of the Complaint as if same were more fully set forth herein at length.

47. As set forth above in detail, Defendant, Target Corporation, engaged in hostile and retaliatory conduct toward Plaintiff, and Defendant tolerated the hostile environment by refusing to investigate and effectively remediate Defendant's behavior. Instead, Defendant retaliated against Plaintiff. Whereas she was

-11-

thus compelled to resign as no reasonable person would have been able to tolerate such an environment.

48.   Such resignation constitutes a constructive discharge.

49.   Plaintiff has been financially and emotionally harmed by virtue of such constructive discharge, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

50.   The aforesaid conduct of Defendant, particularly in view of their failure to properly investigate Plaintiff's complaints or protect her against retaliation for complaints, constitutes actual participation in egregious behavior and/or willful indifference by upper management to such egregious conduct in violation of Plaintiff's rights that is sufficient to subject Defendant to punitive damages under the New Jersey Law Against Discrimination.

51.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer economic loss, emotional distress, pain and suffering, psychological injury, humiliation, embarrassment and/or damages to reputation.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay, lost earning power, as well as all commensurate pension benefits,

and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, pain and suffering, psychological injury, humiliation, and embarrassment, together with both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, regarding adverse employment actions;

(b) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay, lost earning power, as well as all commensurate pension benefits, and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, pain and suffering, psychological injury, humiliation, and embarrassment, together with both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, as Defendants have violated Plaintiff's rights to be free from the injuries which she has suffered due to Defendant's actions;

(c) For such other, further, additional relief as this Court deems just and proper.

## FOURTH COUNT

### WRONGFUL DISCHARGE

52. Plaintiff repeats and re-alleges each and every allegation contained in the First, Second and Third Counts of the Complaint as

-13-

if same were more fully set forth herein at length.

53.  Defendant's constructive termination of Plaintiff's employment constituted a wrongful discharge from such employment because it violated public policy.

54.  The State of New Jersey has a public policy of eradicating discrimination and retaliation in the work environment.

55.  Defendant violated said public policy when it wrongfully constructively terminated Plaintiff's employment.

56.  As a result of the Defendant's wrongful discharge of Plaintiff, she has sustained damages.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

      a.    Compensatory and consequential damages;

      b.    Lost wages;

      c.    Prejudgment interest;

      d.    Attorneys' fees and costs; and

      e.    Such other legal relief that this Court may deem just and proper.

## FIFTH COUNT

### JOHN DOES 1-105 AND XYZ CORPS. 1-10

57.  Plaintiff repeats and re-alleges each and every allegation contained in the First, Second, Third and Fourth Counts of the Complaint as if same were more fully set forth herein at length.

58.   Defendants, John/Jane Does 1-10 and/or XYZ Corps. 1-10, said names being fictitious representing unknown identities of such other individuals, supervisors, managers, supervisor of personnel, agents, servants, brokers, employees, contractor and/or subcontractors whose acts of negligence may have caused or contributed to Plaintiff's economic loss, severe emotional distress, pain and suffering, psychological injury, humiliation, and/or damages to reputation.

59.   At such time as the identities of these fictitiously pleaded tortfeasors are ascertained, the Plaintiff shall seek to amend this Complaint so as to substitute the actual identities of these individuals or businesses. Plaintiff attributes each and every act of negligence alleged against the named Defendant hereto to those who are fictitiously pleaded as if they were more specifically set forth in their entirety.

60.   As a direct and proximate result of the acts and omissions of Defendants, John/Jane Does 1-10 and/or XYZ Corps. 1-5, Plaintiff has suffered and continues to suffer economic loss, severe emotional distress, pain and suffering, psychological injury, humiliation, and/or damages to reputation.

-15-

**WHEREFORE**, Plaintiff demands judgment against the John/Jane Doe and XYZ Corp. Defendants, jointly or severally as follows:

1.    Compensatory and consequential damages;

2.    Lost wages;

3.    Prejudgment interest;

4.    Attorneys' fees and costs;

5.    Punitive Damages; and

6.    Such other legal relief that this Court may deem just and proper.

**JURY DEMAND**

PLEASE TAKE NOTICE that pursuant to Rule 38B of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues raised in this Complaint.

**TRIAL COUNSEL DESIGNATION**

Please be advised that Fredrick L. Rubenstein is hereby designated as trial counsel for the Plaintiff in the above-entitled action.

**CERTIFICATION**

It is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also to the best of our knowledge or belief, no other action or arbitration proceeding is contemplated. Further, other

-16-

than the parties named herein, we know of no other parties that

should be joined in the above action.

JAMES P. NOLAN AND ASSOCIATES
Attorneys for Plaintiff,
Mia Teresa Cannataro

Dated: May 11, 2022                    By:_____
                                       Fredrick L. Rubenstein